(18 Misc. Rep. 606.)

GILLESPIE v. SATTERLEE et al.

(City Court of New York, General Term. December 12, 1896.)

1. MAILING ANSWER—EVIDENCE.

    The affidavits of two persons, one a member of the bar, that an answer was duly mailed at a branch of the post, before 11:40 p. m., on the day it was due, is not overcome by the affidavit of the superintendent of the branch that he believed it was mailed in one of the letter boxes within the district of the branch, because the stamp on the envelope was that placed on letters so mailed, which was different from that placed on letters deposited in the branch itself.

2. OPENING JUDGMENT—COSTS.
    No costs will be awarded on opening a default judgment entered after 11
    a. m. of the day after that on which answer was due, answer not then hav-
    ing been received, though it had been mailed in time.

Appeal from special term.

Action by George L. Gillespie against Douglas K. Satterlee and another. From an order imposing conditions on the vacation of a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN WYCK, C. J., and O'DWYER and FITZSIMONS, JJ.

R. M. Gillespie, for appellants.

Lexow & Wells, for respondent.

FITZSIMONS, J. A motion was made to vacate the judgment herein, and to compel the plaintiff to accept service of the answer and amended answer herein. The motion was granted as follows: The default of the defendants to serve their answer be opened upon payment of $10 costs; judgment to stand as security; the defendants to answer within two days. And, as said order was not satisfactory to the defendants herein, they appeal. Two affidavits were submitted by the defendants upon this motion, the one was made by a member of this bar, and the other made by an adult male person, both of whom swear that said answer was duly mailed in Branch H of the New York post office, situated at the corner of Forty-Fourth street and Lexington avenue, in the city of New York, before 11:40 o'clock p. m., on the day it was due, November 4, 1896. The contradiction to such sworn statements submitted by the plaintiff is an affidavit made by Robert P. Walsh, the superintendent of the said branch, who swears that he believes that the envelope which contained the answer was mailed in one of the letter boxes located within the district of the said branch. This belief of his is based upon the fact that said envelope bears the stamp placed upon letters mailed in the letter boxes, which is a different stamp to the one placed upon letters mailed and deposited in the branch office itself. We think that this statement of a belief should not override the positive sworn statement of two reputable witnesses, but we are also of the opinion that the plaintiff's attorney was justified in entering the judgment herein, because he did not receive the mailed answer until 12 o'clock the following day. He waited until after 11 a. m., and then entered judgment. Under such circumstances, we think that no costs should be awarded herein to either party.

The order is reversed, and the judgment entered herein vacated, and the plaintiff directed to receive the answer of the defendants and the amended answer herein. No costs to the appellants. All concur.